IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUCK M. SPENCER, | ) | 8:09CV25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH STATE | ) | |
| CORRECTION INSTITUTE, and | ) | |
| DR. JANSSEN WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 15, 2009. (Filing No. 1.) Also pending before the court is Plaintiff's Motion for Status. (Filing No. 7.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 15, 2009, against the Tecumseh State Correctional Institution ("TSCI") and Dr. Janssen Williams. (Filing No. 1, Attach. 1 at CM/ECF p. 1.) Plaintiff is currently incarcerated at the Omaha Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1 and 3.)

Condensed and summarized, Plaintiff alleges that Defendant Williams removed some "suspicious moles and growths" from Plaintiff's chest, stomach and elbow, but did not send them away for testing. (*Id*. at CM/ECF pp. 4-5.) Plaintiff is concerned that he may have cancer. (*Id*. at CM/ECF p. 5.) Plaintiff seeks an unspecified amount of monetary damages. (*Id*. at CM/ECF p. 6.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A](#).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *[Bell Atlantic Corp. v. Twombly,](#)* [127 S. Ct. 1955, 1974 (2007)](#) (overruling *[Conley v. Gibson,](#)* [355 U.S. 41 (1967)](#), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See [Martin v. Sargent,](#)* [780 F.2d 1334, 1337 (8th Cir. 1985)](#). However, a pro se plaintiff's allegations must be construed liberally. *[Burke v. North Dakota Dep't of Corr. & Rehab.,](#)* [294 F.3d 1043, 1043-1044 (8th Cir. 2002)](#) (citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under [42 U.S.C. § 1983](#), a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *[West v. Atkins,](#)* [487 U.S. 42, 48 (1988)](#); *[Buckley v. Barlow,](#)* [997 F.2d 494, 495 (8th Cir. 1993)](#).

2

## III.   DISCUSSION OF CLAIMS

### A.   Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks only monetary damages. (Filing No. 1, Attach. 1 at CM/ECF p. 6.) In addition, Defendant TSCI is an instrumentality of the state. As set forth above, the Eleventh Amendment bars damages claims against a state and its instrumentalities. Thus, Plaintiff's claims against Defendant TSCI must be dismissed.

### B.   Plaintiff's Eighth Amendment Medical Claims

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating his medical care. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v.*

3

*Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-104).

The court has carefully reviewed the Complaint and finds that Plaintiff's allegations are sufficient to nudge his Eighth Amendment claim against Defendant Williams across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant Tecumseh State Correctional Institution are dismissed.

2. Plaintiff's claims against Defendant Williams may proceed and service is now warranted as to those claims only.

3. To obtain service of process on Defendant Williams, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 8, 2009**: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

March 10, 2009. BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge