IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUCK M. SPENCER, | ) | 8:09CV25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. JANSSEN WILLIAMS, and | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 22.) As set forth below, the Motion is granted.

## I.   *BACKGROUND AND SUMMARY OF COMPLAINT*

Plaintiff filed his Complaint in this matter on January 15, 2009, against the Tecumseh State Correctional Institution ("TSCI") and Dr. Janssen Williams ("Dr. Williams"). (Filing No. 1-2, Attach. 1 at CM/ECF p. 1.) On initial review the court dismissed Plaintiff's claims against TSCI and permitted Plaintiff's claims against Dr. Williams to proceed. (Filing No. 10.) Thereafter, the court allowed Plaintiff to add Dr. Williams' employer, Correct Care Solutions ("CCS"), as a Defendant. (Filing Nos. 12, 13 and 16.)

Condensed and summarized, Plaintiff alleges that Dr. Williams removed "some suspicious moles and growths" from his chest, stomach, and elbow, but failed to send them for testing. (Filing No. 1-2, Attach. 1 at CM/ECF pp. 4-5.) Plaintiff is concerned that he may have cancer and that Dr. Williams' decision not to send the moles for testing violates his constitutional rights. (*Id*. at CM/ECF p. 5.) Plaintiff seeks an unspecified amount of monetary damages. (*Id*. at CM/ECF p. 6.)

On October, 9, 2009, Defendants filed a timely Motion to Dismiss (filing no. 22) along with a Brief in Support (filing no. 23).  Plaintiff did not respond.  (*See* Docket Sheet.)

## II.     DEFENDANT'S MOTION TO DISMISS

### A.     Motion to Dismiss Standard

As previously set forth on initial review, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B.     Plaintiff's Claim Against Dr. Williams

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs.  *Hartsfield v. Colburn* 491 F.3d 394, 396-97

2

(8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Assuming Plaintiff's moles are a serious medical need, Plaintiff must also allege that Dr. Williams deliberately disregarded that need. Here, Plaintiff does not allege that Dr. Williams deliberately disregarded his moles. Instead, he alleges that Dr. Williams removed the moles, determined they were not cancerous, and decided not to send them in for testing. (Filing No. 1-2, Attach. 1 at CM/ECF p. 5.) Stated another way, Plaintiff's claim is solely based on his disagreement with Dr. Williams' decision not to send the excised moles for further testing. This disagreement cannot form the basis of a constitutional claim. *See, e.g., Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (recognizing that an inmate's mere disagreement with treatment decisions does not rise to the level of a constitutional violation); *see also Williams v. Ravanam*, No. 06-1205, 2009 WL 722571, at *8-9 (C.D. Ill. Mar. 18, 2009) (concluding that an inmate's disagreement with a prison medical provider's decision not to perform a biopsy, after provider's diagnosis revealed a mass-like structure that was possibly a tumor, did not rise to the level of a constitutional violation). In short, Plaintiff has failed to allege a valid Eighth Amendment claim against Dr. Williams. Therefore, Plaintiff's Eighth Amendment claim against Dr. Williams must be dismissed.

C.   **Plaintiff's Claim Against CCS**

Plaintiff's claims against CCS are based on the fact that CCS employed Dr. Williams during the period in question. (Filing Nos. 12, 13 and 16.) Although *Respondeat superior* is not a basis for liability under 42 U.S.C. § 1983, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997), a private entity, acting under color of state

law, can be liable for its own unconstitutional policies.  See *Burke*, 294 F.3d at 1044 (8th Cir. 2002) (per curiam) (concluding that where corporation acts under color of state law, proper test for § 1983 liability is whether policy, custom, or action by those who represent official policy inflicted constitutional injury).

As discussed above, Plaintiff's only allegation against CCS is that CCS employed Dr. Williams.  (Filing Nos. 12, 13 and 16.)  He does not allege that CCS's policies, practices, or customs caused his alleged constitutional injury.  Nor does he allege that CCS knew of Dr. Williams' alleged indifference to his moles.  Accordingly, Plaintiff has also failed to state a claim against CCS.

### D.    State Law Claims

Although Plaintiff's allegations do not establish an Eighth Amendment claim, liberally construed, they might be enough to establish a state law claim for medical malpractice.  The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.    Defendants' Motion to Dismiss (filing no. 22) is granted.

2.    Plaintiff's Motion to Compel (filing no. 17) is denied as moot.

3.    A separate Judgment will be entered in accordance with this Memorandum and Order.

February 3, 2010.                              BY THE COURT:

                                                                      s/ Joseph F. Bataillon
                                                                      Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.